UNITED STATES DISTRICT COURT
WESTERN DISTRICT WASHINGTON AT SEATTLE

Steven Michael Dalrymple a/k/a Steven Dalrymple,

          Plaintiff,

v.

Opportunity Financial, LLC d/b/a OppLoans,

          Defendant.

NO.

**VIOLATIONS OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT; WASHINGTON CONSUMER PROTECTION ACT; INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

(JURY TRIAL DEMANDED)

Plaintiff Steven Michael Dalrymple a/k/a Steven Dalrymple brings this action against Opportunity Financial, LLC d/b/a OppLoans to recover money damages, injunctive relief, and other remedies for violations of federal and state law, specifically the Telephone Collection Protection Act, 47 U.S.C. § 227 *et. seq.*; the Washington State Consumer Protection Act, RCW § 19.86; and for Invasion of Privacy – Intrusion upon Seclusion, §652B of the Restatement (Second) of Torts.  Plaintiff makes the following allegations based on the investigation of his counsel and on information and belief, except as to the allegations pertaining to Plaintiff individually, which is based on his personal knowledge.

## I.    INTRODUCTION

1. In passing the Telephone Consumer Protection Act (hereinafter "TCPA"), Congress sought to protect consumers from harassing, intrusive and unwanted "robo-calls."

2. The TCPA further prohibit the use of automated dialing equipment when making calls to consumers and was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

3. The Washington Consumer Protection Act, RCW 19.86, *et. seq.* was enacted to prevent unfair and deceptive acts and practices in the conduct of a trade or business.

4. Invasion of Privacy – Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another…that would be highly offensive to a reasonable person.

5. Steven Michael Dalrymple a/k/a Steven Dalrymple (hereinafter "Plaintiff") brings this action against Defendant Opportunity Financial, LLC d/b/a OppLoans (hereinafter "Defendant") for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 50 times after receiving a notice of attorney representation, sent through certified mail.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## II.   JURISDICTION & VENUE

7. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

8. The venue is proper pursuant to 28 U.S.C. §1391(b)(1) because Plaintiff resides in this District, Defendant regularly conducts business in interstate trade and commerce in this District, and a substantial part of the events giving rise to the claims occurred within this District.

## III.   PARTIES

9. Plaintiff is and was at all times alleged herein a citizen of the United States and a citizen of the State of Washington and currently residing in Kings County, Washington.

10. Defendant is a financial services company providing online loans to consumers with its corporate headquarters is located at 130 E. Randolph Street, Suite 3400, Chicago, Illinois.

## IV.   FACTS

11. At all relevant times herein, Defendant was engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff.

12. The debt at issue is consumer debt.

13. Plaintiff obtained a personal loan issued by Defendant sometime in mid-2020.

14. The personal loan extended to Plaintiff was primarily for personal, family or household purposes and therefore was a consumer credit transaction.

15. Defendant has been attempting to collect on a debt that originated from monetary credit extended primarily for personal, family, or household purposes.

16. Plaintiff is informed and believes Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

17. Plaintiff's account was an unsecured personal loan and Plaintiff began making payments on the loan account soon thereafter.

18. Plaintiff eventually became financially unable to continue making payments on his payment obligations.

19. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

20. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

21. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant it was to no longer contact Plaintiff directly and all calls/letters/collection efforts were to no longer be directed at Plaintiff.

22. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

23. Plaintiff's notice was sent to Defendant on March 12, 2021 via certified mail. Defendant received the certified notice on March 16, 2021

24. Defendant continued to call Plaintiff after the March 12, 2021 certified notice of representation and revocation of consent was sent.

25. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

26. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

27. Defendant would use a pre-recorded voice when calling Defendant.

28. Defendant would leave pre-recorded messages for Plaintiff.

29. Defendant's autodialing machine contains the capacity to randomly dial numbers.

30. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

31. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

32. Plaintiff received over 50 pre-recorded calls after the March 12, 2021 certified letter was received by Defendant.

### V.  CLAIMS FOR RELIEF

**COUNT I – VIOLATION OF THE TELEPHONE COLLECTIONS PRACTICES ACT (47 U.S.C. § 227, *ET SEQ.*)**

33. Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

34. Defendant was informed Plaintiff revoked his consent to be contacted by Defendant in March of 2021.

35. Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an automatic dialing machine on his cellular telephone.

36. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

37. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

38. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

39. Alternatively, Defendant should have known its conduct violated the TCPA.

40. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

41. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

42. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

43. Defendant contacted Plaintiff at least 50 (fifty) times after he revoked his consent to be contacted on his cellular telephone and informed Defendant he was represented by counsel.

44. Defendant Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

45. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

46. The calls Plaintiff received were pre-recorded or used an artificial voice.

47. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in March of 2021.

48. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone.

49. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

**COUNT II – VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86 *ET SEQ.*)**

50. Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

51. Defendant employed unfair and deceptive acts and practices in the conduct of a trade or business in violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq*, by deceptively and repeatedly contacting Plaintiff and by using unlawful, oppressive, abusive, and harassing pre-recorded calls to repetitively contact Plaintiff.

52. As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff have suffered actual harm, including but not limited to, invasion of privacy, nuisance, humiliation and embarrassment, and disruption in his daily life, and have incurred damages in an amount to be proven at trial.

**COUNT III – INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

53. Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

54. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

56. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

57. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

58. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

59. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

60. Defendant received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

61. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Declaratory judgment that Defendant Opportunity Financial, LLC d/b/a OppLoans violated the TCPA;

B. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

C. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

D. Actual and punitive damages for Defendant Opportunity Financial LLC d/b/a OppLoans's intrusion upon Plaintiff's seclusion;

E. Pursuant to RCW 19.86.90, an award of treble damages.

F. Pursuant to RCW 19.86.90 and 19.86.140, an award of reasonable attorney fees and costs incurred in bring this action; and

E. Any other relief that the court deems appropriate and proper.

DATED this 12th day of August, 2021

          RECOVERY LAW GROUP, APC

          By: _____
          Peri Tobin, WSBA #40409
          1455 NW Leary Way
          Suite 400
          Seattle, WA 98107
          Tel: 949-633-1474
          Email: ptobin@recoverlawgroup.com
          Email: litigation@recoverylawgroup.com

          *Attorneys for Plaintiff*